# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE T. MILAZZO |
| Doris Malcom Neel v. Sanofi-Aventis U.S., LLC, et al, EDLA No. 2:20-cv-01848 | |

### [EXEMPLAR] SHORT FORM COMPLAINT (Effective as of May 13, 2020)[1]

Plaintiff(s) incorporate by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above referenced case on September 27, 2018 (Doc. 4407). Pursuant to Pretrial Order No. 15, this [Original/Amended] Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:

   Doris Malcom Neel

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

   Not Applicable.

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   Not Applicable.

4. Current State of Residence: Florida

5. State in which Plaintiff(s) allege(s) injury: Illinois

---

[1] This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73A. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

6.      Defendants (check all Defendants against whom a Complaint is made):

      a.      Taxotere Brand Name Defendants

            ☒   A.      Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

            ☒   B.      Sanofi-Aventis U.S. LLC

      b.      Other Brand Name Drug Sponsors, Manufacturers, Distributors

            ☐   A.      Sandoz Inc.

            ☐   B.      Accord Healthcare, Inc.

            ☐   C.      McKesson Corporation d/b/a McKesson Packaging

            ☐   D.      Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

            ☐   E.      Hospira, Inc.

            ☐   F.      Sun Pharma Global FZE

            ☐   G.      Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

            ☐   H.      Pfizer Inc.

            ☐   I.      Actavis LLC f/k/a Actavis Inc.

            ☐   J.      Actavis Pharma, Inc.

            ☐   K.      Sagent Pharmaceuticals, Inc.

            ☐   L.      Other:

7.      Basis for Jurisdiction:

      ☒   Diversity of Citizenship

      ☐   Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8.  Venue:

    District Court and Division in which remand and trial is proper and where you might
    have otherwise filed this Short Form Complaint absent the direct filing Order entered by
    this Court:

    > USDC ILND

9.  Brand Product(s) used by Plaintiff (check applicable):

    ☒   A.    Taxotere

    ☐   B.    Docefrez

    ☐   C.    Docetaxel Injection

    ☐   D.    Docetaxel Injection Concentrate

    ☐   E.    Unknown

    ☐   F.    Other:

    > 

10. First date and last date of use (or approximate date range, if specific dates are unknown)
    for Products identified in question 9:

    > 07/20/2009 - 09/21/2009

11. State in which Product(s) identified in question 9 was/were administered:

    > Illinois

12.     Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Disfiguring Permanent Alopecia

13.     Counts in Master Complaint brought by Plaintiff(s):

- ☒     Count I – Strict Products Liability – Failure to Warn
- ☒     Count III – Negligence
- ☒     Count IV – Negligent Misrepresentation
- ☒     Count V – Fraudulent Misrepresentation
- ☒     Count VI – Fraudulent Concealment
- ☒     Count VII – Fraud and Deceit

- ☒     Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) include additional theories of recovery, for example, applicable state law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

          See attached.

14.  Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By /s/Madeleine Brumley
    Madeleine Brumley, LA Bar Roll #: 37432
    David C. Laborde, LA Bar Roll #: 20907
    Derrick G. Earles, LA Bar Roll #: 29570
    Laborde Earles Law Firm LLC
    1901 Kaliste Saloom Rd.
    Lafayette, LA 70508
    P: (337) 261-2617
    F: (337) 261-1934
    david@onmyside.com
    digger@onmyside.com
    madeleine@onmyside.com

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUSIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION This document relates to: Doris Malcom Neel vs. Sanofi-Aventis U.S. LLC, et al EDLA No. | MDL No. 16-2740 SECTION: "H" (5) SUPPLEMENTAL PLEADINGS TO SHORT FORM COMPLAINT |

## SUPPLEMENTAL PLEADINGS
## TO SHORT FORM COMPLAINT

Plaintiff herein, through undersigned counsel, and supplements the "Short form Complaint" previously filed in MDL No. 16-2740 with the following assertions of fact, citations of law, and arguments.

## GOVERNING STATE LAW

Plaintiffs cause of action arises under the laws of the State of Illinois. The Statute of Limitations relevant to Plaintiffs cause of action before this Court can be found in Ill. Ann. State. Ch. 735 Art. 5, Sec. 13-202

*Relevant to Plaintiffs instant matter before this court, Illinois Law holds that "An action must be brought shall be commenced within 2 years next after the cause of action accrued"*

## <u>RELEVANT JURISPRUDENCE STATE OF ILLINOIS</u>

**When material facts are disputed relevant to the accrual of the Statute of Limitations, Illinois Law would leave these matters to the trier of fact.**

*"Usually the date on which a plaintiff receives inquiry notice is a fact question for the jury. See Kedzierski v. Kedzierski, 899 F.2d 681, 683 (7th Cir.1990); see also Castello v. Kalis, 352 Ill.App.3d 736, 287 Ill.Dec. 815, 816 N.E.2d 782, 788-89 (2004) ("In most instances, the time at which a plaintiff knows or reasonably should have known both of the injury and that it was wrongfully caused will be a disputed question of fact."). Aebischer v. Stryker Corp., 535 F. 3d 732 - Court of Appeals, 7th Circuit 2008 Id at 734*

*"Because the applicability of the statute of limitations turned on contested facts in this case, the issue was properly submitted to the jury, Begolli v. Home Depot U.S.A., Inc., 701 F.3d 1158, 1159-60 (7th Cir.2012); Aebischer v. Stryker Corp., 535 F.3d 732, 734 (7th Cir.2008); Fowler v. Land Management Groupe, Inc., 978 F.2d 158, 162 (4th Cir.1992); Riddell v. Riddell Washington Corp., 866 F.2d 1480, 1484 (D.C.Cir.1989); cf. Witherell v. Weimer, supra, 52 Ill.Dec. 6, 421 N.E.2d at 874 Id At 672*

**Under Illinois Law, a showing of actual fraud nor intent is not necessary for Plaintiffs to prevail under the Doctrine of Equitable Estoppel, which bars the defendant from raising the State of Limitations as an affirmative defense.**

*"The more is that "if a person liable to an action fraudulently conceals the cause of such action," the statute of limitations doesn't begin to run until the plaintiff "discovers that he or she*

*has such cause of action." 735 ILCS 5/13-215. And if the defendant is a fiduciary of the plaintiff,*

*as Thomas was of Patrick, then even "mere silence on [the defendant's] part as to a cause of*

*action, the facts giving rise to which it was his duty to disclose, amounts to a fraudulent 672\*672*

*concealment." Chicago Park District v. Kenroy, Inc., 78 Ill.2d 555, 37 Ill.Dec. 291, 402 N.E.2d*

*181, 185 (1980); see also DeLuna v. Burciaga, 223 Ill.2d 49, 306 Ill.Dec. 136, 857 N.E.2d 229,*

*246 (2006).*

*"As was said by the Supreme Court in Glus v. Brooklyn Eastern District Terminal (1959), 359*

*U.S. 231, 232-33, 3 L.Ed.2d 770, 772, 79 S.Ct. 760, 762: "To decide the case we need look no*

*further than the maxim that no man may take advantage of his own wrong. Deeply rooted in our*

*jurisprudence this principle has been applied in many diverse classes of cases by both law and*

*equity courts and has frequently been employed to bar inequitable reliance on statutes of*

*limitations." (See also Dill v. Widman (1952), 413 Ill. 448, 471-72; Coke v. General Adjustment*

*159\*159 Bureau, Inc. (5th Cir.1980), 616 F.2d 785, 790; Bomba v. W.L. Belvidere, Inc. (7th*

*Cir.1978), 579 F.2d 1067; Annot., 43 A.L.R.3d 429, 440 (1972).) The Pennsylvania Supreme*

*Court, in defining an equitable estoppel which will preclude raising the statute of limitations,*

*held it to include unintentional deception, and that "`It is not the intention of the party estopped*

*but the natural effect upon the other party which gives vitality to an estoppel'. 5 Williston,*

*Contracts sec. 691 (3d ed. 1961)." (Nesbitt v. Erie Coach Co. (1964), 416 Pa. 89, 96, 204 A.2d*

*473, 477.) To the same effect is the statement of the Seventh Circuit Court of Appeals in Bomba*

*v. W.L. Belvidere, Inc. (7th Cir.1978), 579 F.2d 1067, 1071: "**Moreover, it is not necessary that**

***the defendant intentionally mislead or deceive the plaintiff, or even intend by its conduct to***

***induce delay**. (emphasis added) [Citations.] Rather, all that is necessary for invocation of the*

*doctrine of equitable estoppel is that the plaintiff reasonably rely on the defendant's conduct or*

*representations in* forbearing suit."Witherell v. Weimer, 421 NE 2d 869 - Ill: Supreme Court 1981 Id at 159

*The defendant next contends that the jury's findings — that the action was not barred by the statute of limitations or that the defendant was estopped from asserting the bar — were against the manifest weight of the evidence. Because the defendant did not submit special interrogatories, there is no way of knowing whether the jury found that the defendant failed to prove plaintiff's discovery of her cause of action more than two years prior to filing the complaint or whether it was proved but the defendant was estopped from asserting it. When there is a general verdict and more than one theory is presented, the verdict will be upheld if there was sufficient evidence to sustain either theory, and the defendant, having failed to request special interrogatories, cannot complain. (See Moore v. Jewel Tea Co. (1970), 46 Ill.2d 288, 294; Fernandez v. Industrial Com. (1978), 71 Ill.2d 283.) We need address only the estoppel issue. Witherell v. Weimer, 515 NE 2d 68 - Ill: Supreme Court 1987 The defendant is estopped from asserting the limitations bar if the plaintiff's failure to act within the statutory period results from reasonable reliance on the defendant's conduct or representations. (Witherell v. Weimer (1981), 85 Ill.2d 146, 159.)* **An intent to mislead, deceive or delay is not necessary.***(emphasis added) (85 Ill.2d 146, 159.) Witherell v. Weimer, 515 NE 2d 68 - Ill: Supreme Court 1987 Id at 329-300*

**Under the Law of the State of Illinois, the" adequacy of the warning" is a question of fact for the jury.**

*"However, the adequacy of the warning is a question of fact for the jury. Bautista v. Verson Allsteel Press Co., 152 Ill.App.3d 524, 105 Ill.Dec. 487, 491, 504 N.E.2d 772, 776 (1987)*

*"The adequacy of warnings is classically a question of fact reserved to the trier of fact and, therefore, usually an inappropriate matter for summary judgment. Sills v. Massey-Ferguson, Inc., supra, 296 F. Supp. 776. As set forth in American Cyanamid Co. v. Roy (1984) Fla.App., 466 So.2d 1079, 1082, modified on other grounds (1986) Fla., 498 So.2d 859: "[T]he product label must make apparent the potential harmful consequences. The warning should be of such intensity as to cause a reasonable man to exercise for his own safety caution commensurate with the potential danger." We must therefore consider the adequacy of the factual content, the adequacy of the manner in which that content is expressed, and the adequacy of the method of conveying these expressed facts. Ortho Pharmaceutical Corp. v. Chapman, supra, 388 N.E.2d 541.The adequacy of warnings is classically a question of fact reserved to the trier of fact and, therefore, usually an inappropriate matter for summary judgment. Sills v. Massey-Ferguson, Inc., supra, 296 F. Supp. 776. As set forth in American Cyanamid Co. v. Roy (1984) Fla.App., 466 So.2d 1079, 1082, modified on other grounds (1986) Fla., 498 So.2d 859: "[T]he product label must make apparent the potential harmful consequences. The warning should be of such intensity as to cause a reasonable man to exercise for his own safety caution commensurate with the potential danger." We must therefore consider the adequacy of the factual content, the adequacy of the manner in which that content is expressed, and the adequacy of the method of conveying these expressed facts. Ortho Pharmaceutical Corp. v. Chapman, supra, 388 N.E.2d 541.Jarrell v. Monsanto Co., 528 NE 2d 1158 - Ind: Court of Appeals, 2nd Dist. 1988 Id at 1163*

## PLAINTIFFS ASSERTIONS RELEVANT TO TIMILINESS OF FILING

Under the appliable laws of the State under which the Plaintiffs claim arises, the accrual of the appliable Statute of limitations does not begin until the Plaintiff discovers, through reasonably diligent efforts , taking into consideration the capacities and limitations of the specific plaintiff, the following facts, if reasonably discoverable by plaintiff, at minimum the following factual elements.

1. That she has suffered a physical, economic or other tangible injury.

2. That said injury was caused by a judicially cognizable legal wrong of another party, person, or entity.

3. The identity of the specific party, person, or entity. (alleged tortfeasor)

Under the laws State under which the Plaintiffs claim arises, the Plaintiff is not charged with knowledge of that which is inherently undiscoverable, taking into consideration the capacities and limitations of the specific Plaintiff.

Under the laws State under which the Plaintiffs claim arises the Plaintiff is not penalized for failure to suspect or discover any fact for which the plaintiff is blamelessly ignorant.

Under the laws State under which the Plaintiffs claim arises, Plaintiff is not charged with the duty to investigate any matter until such time as she suspects that her physical injury was caused by a judicially cognizable legal wrong of another party, person, or entity.

Plaintiff respectfully request that this Court take judicial notice of the fact that even those attorneys representing clients in this litigation, skilled and educated experts related to the discover of evidence, possessing tools for such discovery not available to lay persons, have often experienced difficulty in their efforts to obtain the National Drug Codes (NDC) referenced below. In some cases, these expert attorneys have found discovery of these NDC codes beyond

their expert capabilities. No lay person could reasonably be expected to have discovered or obtained evidence of a legal nature, that presents difficult and, in some cases,, impossible impediments to those learned attorneys aforementioned.

## **FACTUAL ASSERTIONS**

1. Plaintiff herein asserts that at no time prior to retaining counsel, relevant to this instant litigation, did Plaintiff possess knowledge relevant to any time period, six months or otherwise, that would have empowered her to self-diagnose and make a determination that her chemotherapy related alopecia was in fact permanent. Plaintiff further asserts that she is a lay person, not trained in the medical sciences. Plaintiff asserts that she did not, nor could have reasonable been expected to self-diagnosis (independently discovery) her original health malady, cancer nor could she have been reasonably expected to self-diagnosis her secondary health malady,  permanent alopecia (vs temporary alopecia), caused by the treatment prescribed for the treatment of her original malady.

2. Plaintiff herein asserts that the various physicians in the continuum of care related to her original health malady, cancer, led her to believe that in the event she suffered alopecia, the condition would be temporary.

3. Plaintiff herein asserts, that having been among the unfortunate few that suffered cancer, she was predisposed to believing that she was also among the unfortunate that suffered the statistically rare secondary malady, permanent alopecia, that might rarely occur as a result of the administration of any chemotherapy product. Plaintiff was not predisposed to believing her permanent alopecia was caused by a judicially actionable legal wrongful act of another.

4.  Having been led to believe, be the various physicians in the continuum of care relevant to her cancer, that her hair would grow back, and absent any of those physicians at any time before or after administration of Taxotere/Docetaxel, revealing any knowledge (if said knowledge was in their possession) of the statically significant risk of permanent alopecia Taxotere/Docetaxel, as compared to other equally efficacious chemotherapy products, Plaintiff had no reason to suspect  and did not suspect that her permanent alopecia was caused by a judicially cognizable legal injury was caused by the wrongful act of another until a time later specified herein.

5.  Plaintiff herein asserts that had she been informed by any of the various physicians in the continuum of care relevant to her cancer, of the statistically significant risk of permanent alopecia associated with Taxotere/Docetaxel as compared to other chemotherapy products, she would have withheld her required informed consent and refused treatment with Taxotere/Docetaxel in favor of other forms of treatment, thereby avoiding the physical injury she now complaints of herein.

6.  In as much as acquitting the National Drug Code (NDC) code is the only means, in this litigation, to determine:

   A.  If any third party committed a judicially cognizable legal wrong, that led to Plaintiffs physical injury.

   B.  The specific identity of said party.

And in as much as Plaintiff, nor any lay person, could reasonably be expected to have known, prior to becoming a party to this litigation, that acquiring the NDC code would be a required

element to bring and prosecute a cause of action to a successful end, in this instant matter,

Plaintiff asserts the following fact:

Plaintiff asserts that the appliable Statute of Limitations did not being to accrue until:

1. She had reason to believe she should retain counsel to investigate her potential cause of
   action.

2. Said counsel, through diligent and often difficult undertaking, was able to acquire the
   NDC code identifying the specific manufacturer of the Taxotere/Docetaxel product that
   invaded Plaintiffs body.  Plaintiff further asserts that "discovery" of the referenced NDC
   code, was inherently (independently) undiscoverable to the lay person Plaintiff.

Plaintiff herein asserts, that pursuant to the Laws of the State under which Plaintiff claim arises,

the appliable Statute of Limitations did not begin to accrue until her counsel of record herein

obtained the NDC code identifying the specific alleged tortfeasor relevant to plaintiffs cause of

action before this court.

Plaintiff further asserts that the Laws of the State under which Plaintiff claim arises require that

matters relevant to the accrual of the appliable Statute of Limitations are not subject to summary

adjudication by the court but instead are matters involving multiple case and plaintiff specific

facts and factors, which require adjudication before the trier of fact.

## **DEFENDANTS ARE BARRED FROM ASSERTING INCONSITANT**

## **FACTUAL ASSERTIONS**

Plaintiff respectfully request this court to take judicial recognition of the fact that the defendant has denied, in their Master Answer or response to Plaintiffs Master Complaint, Plaintiffs factual assertions sounding in allegations that Plaintiffs physical injury was caused by a legal or judicially cognizable wrong of the defendant. The defendant has denied that those wrongs did not occur, that the wrongs do not factually exist.

Plaintiff herein asserts, that in that the accrual of the Statute of Limitations, under the laws of the State under which Plaintiffs claim arises does not begin until the plaintiff discovers or reasonably should have discovered their physician injury (tangible injury) as well as the fact that said physical injury was caused by a legal or judicially cognizable legal wrong of another (legal injury), Defendants cannot s deny the allegations of legal or judicially cognizable wrongs alleged in the Plaintiffs complaint and then later, when doing so serves the purpose of arguing that Plaintiffs claims are barred by the appliable Statute of Limitations,  argue that the Plaintiff should have discovered those legal or judicially cognizable legal wrongs (their legal injury) at a specific point in time, the defendant having previously denied the factual existence of those same legal or judicially cognizable legal wrongs. The following to Statements of fact are mutually exclusive:

1. We (the defendant) did not commit the legal or judicially cognizable legal wrongs alleged in the plaintiff's complaint, as a factual matter, which concludes those wrongs do not exist.

2. The plaintiff should have discovered those wrongs (we deny exist) as a factual matter, at any given point in time.

One of the foregoing factual assertions inherently impeaches the credibility, accuracy, and truthfulness of the other factual assertion.

The defendant can either concede Plaintiffs allegations of their legal or judicially cognizable legal wrongs and then allege that the plaintiff should have discovered those wrongs admitted to exist, at a given point in time (or) the defendant can deny these allegations and be barred from raising the mutually exclusive factual assertion that the plaintiff should have discovered these wrongs at a specific point in time. One Defendants, however, cannot have their cake and eat it too.

## PLAINTIFF ASSERTS THE DOCTRINE OF EQUITABLE ESTOPPEL

Upon information and belief, Plaintiff asserts that the defendant is barred from raising an affirmative defense sounding in Statute of Limitations pursuant to the laws of the State under which Plaintiffs claim arises.

Plaintiff asserts that the laws of the State under which Plaintiffs claim arises imposes a duty on the defendant to adequately test their products prior to entering the same into the stream of commerce.

Plaintiff further asserts that the laws of the State under which Plaintiffs claim arises requires the defendant to warn the end user, directly or in the instant matter, through a learned intermediary, any significant risk known to plaintiff or that would have become known (constructive knowledge) had defendant conducted adequate testing.

Plaintiff further asserts that defendants failing to disclose the Statistically significant risk of permanent alopecia, charged to be known by defendant from no later than the first day defendant entered their product into the stream of commerce, caused there cause of action be inherently undiscoverable by the lay person plaintiff.

Plaintiff asserts that the foregoing, in accordance with the  laws of the State under which Plaintiffs claim arises, is sufficient to bar the defendant from raising an affirmative defense sounding in Statute of Limitations, pursuant to the States application and interpretation of the Doctrine of Equitable Estoppel as well as the Equitable Doctrine of Clean Hands. Each of these equitable Doctrines are intended to prevent any party from benefitting from their own inequitable or unfair conduct, when seeking equity to their benefit.

## PLAINTIFF PRESERVES THE RIGHT TO CASE SPECIFIC DISCOVERY

Plaintiff herein affirmatively requests and preserves the right to propound plaintiff case specific discovery on defendant, of the nature and scope required by the various Federal Rules of Civil Procedure, as has been allowed by those various Plaintiffs in the various "Bellwether Pools".

Plaintiff herein asserts that the fact that the Defendant is allowed to propound discovery on each individual plaintiffs, while Plaintiffs right to propound discovery on the defendant, save for those Plaintiffs in the various Bellwether Pools, precludes this court from considering any motion put forth by defendant that could serve to dispose of plaintiffs cause of action, prior to the instant individual plaintiff having been afforded the right to propound discovery on the defendant that might serve to uncover facts useful to Plaintiff in countering Defendants attempt to have this Court dispose of Plaintiffs claims, in absence of Due Process and the precepts of Equal

Protection under the Law, guaranteed by the Fifth, Fourteenth Amendments to the United States Constitution.

## APPLYING THE KURICK TEST

The fact relevant Plaintiffs instant matter before this court are distinguishable from the facts relevant to the Plaintiff in United States v. Kubrick, 444 US 111 - Supreme Court 1979.

In Kubrick, the Plaintiff, Mr. Kubrick admitted that he was informed by one of the physicians involved in the continuum of care relevant to his health malady that his physical injury was most likely caused by the defendant's product. The same physician even advised Mr. Kubrick to seek the counsel of an attorney.  See United States v. Kubrick, 444 US 111 - Supreme Court 1979. Id at 114- 116. The facts in Plaintiffs instant matter are distinguishable from Kubrick in that not one of the physicians in the continuum of care relevant to Plaintiffs cause of action at any time, informed plaintiff of the level (statistically significant risk) of suffering permanent alopecia associated with Taxotere/Docetaxel, before nor after Plaintiff gave informed consent to allow the substance to invade her body.

In Kubrick, the Plaintiff admitted having suspected a causal relationship between his physical injury and the defendant's product, at an earlier time than Plaintiff urged the Court to determine the date at which the Statute of Limitations began to accrue. The facts in Plaintiffs instant matter are distinguishable from Kurbrick, in as much as Plaintiff has admitted no such independent suspicion occurring relevant to any specific point in time and therefore, Plaintiff can not be charged with failing to have diligently investigated that which she did not first suspect.

Additionally, in this instant matter, identify of the specific tortfeasor is a necessary element to begin accrual of the applicable statute of limitations, which can only be accomplished by obtaining the NDC code relevant to the Taxotere/Docetaxel product, the "Blameless Ignorance" standard set forth in Urie v. Thompson, 337 US 163 - Supreme Court 1949 and upheld in Kubrick, with modifications and exceptions, applies in Plaintiffs instant matter however, those "modifications or exceptions" to Urie found in Kubrick are inapt. Not matter can be considered inherently knowable nor discoverable by a plaintiff in the face of blameless ignorance regarding that same matter.

Plaintiffs further point out that Kubrick was decided in 1979. The United States Health Care System that existed in 1979 does not remotely resemble the System in place in modern times:

The cost associated with reaching out to other members of the medical profession was not as prohibitive in 1979 as is the case in modern times. In today's Health Care Economy, only the very wealthy can afford to access medical professions, when such would not be covered by the persons "health plan".

In 1979, the term "health plan" was not in the Lexicon of consumers in the United States. In 1979, individuals enjoyed "health insurance".  In 1979, the individual consumer of average means could reach out to any physician they wished, and their health insurance would generally cover the cost, or if uninsured, the cost would not have been prohibitive, to the person of average means.

In modern times however, individuals no longer have "health insurance", they have "health plans". Individuals are no longer free to reach out to any physician of their choosing; their health plan dictates which physicians a person can "reach out to" and under what circumstances.

Additionally, the astronomical rise in the cost of health care between 1979 and more recent times, no longer renders a person of average means able to afford going outside of their "health plan" for services not covered.

In the current time, applying the reasoning of Kubrick, a Plaintiff in this consolidated litigation would more often than not, be required to first seek a referral from her primary care doctor (assigned by her health plan) to seek an opinion from another doctor. In that the referenced primary care physician was among those in the Plaintiffs continuum of care relevant to her cancer, it is reasonable to assume that that physician would have (under a duty to do so) informed the patient of the statistical risk of permanent alopecia associated with Taxotere/Docetaxel , prior to or after treatment, if said risk were known to them, thereby rendering the need to reach out to other physicians moot.

Kubrick was decided based on facts specific to that Plaintiffs cause of action and cannot be properly applied in other cases, without the same type of fact specific inquiry and findings, as was observed by the Court in Kubrick.

In conclusion, the reason of Kubrick, sounding in that "if the Plaintiff suspected" her injury was caused by the wrongful act of a potential tortfeasor, she could have simply reached out to "other" physicians to confirm said suspicion, is not apt to Plaintiffs cause of action before this case. Nor is the notion that reaching out to "other physicians" is within the reach of the person of average means, in today's health care economy, in the manner considered in Kubrick.


By /s/Madeleine Brumley

Madeleine Brumley, LA Bar Roll #: 37432

David C. Laborde, LA Bar Roll #: 20907

Derrick G. Earles, LA Bar Roll #: 29570

Laborde Earles Law Firm LLC

1901 Kaliste Saloom Rd.

Lafayette, LA 70508

P: (337) 261-2617

F: (337) 261-1934

david@onmyside.com

digger@onmyside.com

madeleine@onmyside.com